**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2024

JEFFREY P. COLWELL
CLERK

Case No. 1:24 cv-01628 ~~SBP~~ RTG

Spencer Dressel Plaintiff

v.

**Jury Trial requested:**
**_X_ Yes ____ No**

COLORADO DEPARTMENT OF CORRECTIONS (CDOC),

Exe. Dir., Moses (Andre) Stancil, Jeff Long,

Nicole White, Clay Bradshaw, Michelle Rios,

Charles Neece, William Scott, Anthony Russell,

Tammy Cockcroft, Terry Strohmeyer, Tina Steerman,

Josh Blanchard, Mary Bergman, Aaron Barnes, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## AMENDED PRISONER COMPLAINT 2

| NOTICE |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.<br><br>**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

### A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

1

Spencer Dressel 190779        P.O. BOX 6000 Sterling Colorado 80751

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____  Pretrial detainee

____  Civilly committed detainee

____  Immigration detainee

_X_  Convicted and sentenced state prisoner

____  Convicted and sentenced federal prisoner

____  Other: *(Please explain)*

## B.    DEFENDANT(S) INFORMATION

Defendant 1: Jeff Long,    **1250 Academy Park Loop CS, Co 80910**
Warden of the Sterling Correctional Facility (SCF) at all times relevant to allegations concerning him, was responsible for operating the Colorado Department of Corrections and all facilities as the conservator of the peace, was responsible for ensuring that laws of the state of Colorado and the U. S. were observed.
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No *(check one)*. Briefly explain:
Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 2: Anthony Russell, **1250 Academy Park Loop CS, Co 80910**
CDOC Employee at SCF at all times relevant to the allegations concerning him was responsible for operating as Mailroom Supervisor and as the ADA coordinator for the plaintiff's daily living and/or recreation needs for plaintiffs He is required to adhere to the admin-regulations and federal laws.
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No *(check one)*. Briefly explain:
Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3: Colorado Dept. of Corrections, **1250 Academy Park Loop CS, Co 80910**
CDOC entity created by state C.R.S. Statue at all times relevant to the allegations concerning the entity was responsible for operating and assuring Plaintiffs ADA needs and accommodation were afforded to the plaintiff's custody and classifications at this facility and assuring that all inmates were provided adequate facility, programming, housing, classification and rehabilitation services.
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No *(check one)*. Briefly explain:
Defendant 3 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 4:  Moses (Andre) Stancil, **1250 Academy Park Loop CS, Co 80910**

Current Executive Director of the CDOC, at all times relevant to allegations concerning him, was responsible for operating the CDOC and all facilities as the conservator of the peace, was

responsible for ensuring that the laws of the state of Colorado and the United States were observed.    At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No (*check one*).  Briefly explain:

Defendant 4 is being sued in his/her  X  individual and/or  X  official capacity.

Defendant 5:  Tammy Cockcroft, **1250 Academy Park Loop CS, Co 80910**

CDOC SCF Employee at all times relevant to the allegations concerning him/her was responsible for operating SCF mailroom so to adhere to the AR's, state and federal laws applicable to mail.
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No (*check one*).  Briefly explain:

Defendant 5 is being sued in his/her  X  individual and/or  X  official capacity

Defendant 6:  Terry Strohmeyer, **1250 Academy Park Loop CS, Co 80910**
CDOC employee at all times relevant to the allegations concerning him/her was responsible for operating SCF mailroom required to adhere to the AR and other state and or federal laws applicable to the mail.
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No (*check one*).  Briefly explain:

Defendant 6 is being sued in his/her  X  individual and/or  X  official capacity
Defendant 7:  Tina Steerman, **1250 Academy Park Loop CS, Co 80910**

CDOC Employee at all times relevant to the allegations concerning him/her was responsible for operating SCF mailroom required to adhere to the AR and other state and or federal laws applicable to the mail.
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No (*check one*).  Briefly explain:

Defendant 7 is being sued in his/her  X  individual and/or  X  official capacity
Defendant 8 Nicole White, **1250 Academy Park Loop CS, Co 80910**
CDOC at all times relevant to the allegations she was responsible for supervising the operations of the medical care and records of the HSA at SCF applicable to AR's and federal laws.
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No (*check one*).  Briefly explain:

Defendant 8 is being sued in his/her  X  individual and/or  X  official capacity
Defendant 9:  Clay Bradshaw, **1250 Academy Park Loop CS, Co 80910**

CDOC SCF Employee at all times relevant to the allegations he was responsible for operating SCF mailroom so to adhere to the AR's, state and federal laws applicable to mail.

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:
Defendant 9 is being sued in his/her _X_ individual and/or _X_ official capacity

Defendant 10:  Michelle Rios, **1250 Academy Park Loop CS, Co 80910**
Ass Warden of SCF at all times relevant to allegations she was responsible for operating the CDOC facility as the conservator of the peace, was responsible for ensuring that the laws of the state of Colorado and the United States were observed, according to Law
At the time the claim(s) in this complaint arose, was this defendant acting under olor of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:
Defendant 10 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 11:  William Scott, **1250 Academy Park Loop CS, Co 80910**
Capt. of the SCF at all times relevant to allegations concerning him, was responsible for operating the Colorado Department of Corrections and all facilities, was responsible for ensuring that the Mail Room laws of the state of Colorado and the United States were observed, according to C.R.S. 17-20-103, and current revisions
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

Defendant 11 is being sued in his/her _X_ individual and/or _X_ official capacity.
Defendant 12:  Josh Blanchard, **1250 Academy Park Loop CS, Co 80910**

Capt. of the SCF at all times relevant to allegations concerning him, was responsible for operating the Colorado Creative Industries CCI and all facilities, was responsible for ensuring that the Dog Handlers program Regulations and laws of equal opportunity were in compliance of the state of Colorado and the United States accordingly, and any revisions
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

Defendant 12 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 13:  Mary Bergman, **1250 Academy Park Loop CS, Co 80910**

Capt. of the SCF at all times relevant to allegations concerning him, was responsible for operating the Dog Handlers Program at CDOC for CCI at SCF, and was responsible for ensuring that the Policies and regulations met the equal opportunity laws of the state of Colorado and the United States so observed, accordingly.
At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:
Defendant 13 is being sued in his/her _X_ individual and/or _X_ official capacity.

4

Defendant 14: Capt. Charles Neece, 1250 Academy Park Loop CS, Co 80910
CDOC east Housing Captain at SCF at all times relevant to the allegations concerning her was responsible in assuring that all inmates were provided adequate Protections, facility, programming, recreational and known needed living and housing ADA accommodations.

    At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Defendant 14 is being sued in his/her _X_ individual and/or _X_ official capacity

Defendant 15: Aaron Barnes, 1250 Academy Park Loop CS, Co 80910
CDOC east Housing SGT at SCF at all times relevant to the allegations concerning her was responsible in assuring that all inmates were provided adequate Protections, facility, programming, recreational and known needed living and housing ADA accommodations.

    At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Defendant 15 is being sued in his/her _X_ individual and/or _X_ official capacity

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_    State/Local Official (42 U.S.C. § 1983)

____    Federal Official As to the federal official, are you seeking:

____    Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

_X_    Declaratory/Injun relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C.§ 2201

_X_    Other: (*please identify*) The Jurisdiction of the court also arises under the 1, 5th, 8th, 11th,14th amendments and the Constitution of the United States, Article III, Sect 1; 42 U.S.C. 12133, 28 U.S.C. 1331 and 1343, relating to actions initiated pursuant to Title VII, as 35.178 as amended and Title II CFR 28-part 35, and III and the 504 Rehabilitation Act and revisions of, 29 U.S.C. 626c (1); 28 U.S.C. 1367 (a) and 2201 and 35.175 , 442 U.S. 397, 406, 536 U.S. 181, 429 U.S. 97 as revised and the American with disabilities act. Anti-discrimination laws, equal opportunity laws, all of the events alleged herein occurred and are continuing to occur within the State of Colorado, and all of the parties are residents of the state. Venue is proper in the court pursuant above and to 28 U.S.C. 1391, CDOC Admin Regulations.

**STATEMENT OF CLAIM(S)** and exhibits are *incorporated/combined within one another.*

## CLAIM ONE: <u>SCF EMPLOYEES RETALIATE /ABUSE RIGHTS /POLICIES</u>

Claim one is asserted against these Defendant(s): COLORADO DEPARTMENT OF

Corrections, Clay Bradshaw, Capt. Sherwood, Anthony Russell, Tammy Cockcroft, Terry Strohmeyer, Tina Steerman., William Scott,

**Supporting facts:** Alleged upon information and/or belief: Since August 11th 2023 while at SCF Plaintiff suffered retaliation after filing grievances. Defendant(s): Bradshaw, Sherwood, Russell, Cockcroft, Strohmeyer, Steerman, each individually by their actions and/or inactions were each personally involved in the constitutional, statutory and AR violations, in that each of them: failed to articulate legitimate penological objectives for depriving procedural rights of plaintiff from receiving mail from "private news entities ", family and/or friends.

Defendant(s) Bradshaw, Cockcroft, Strohmeyer, Steerman, were required to send the denied publications to the reading committee pursuant to AR's 300-26, but deprived plaintiff of his right to receive publications pursuant to the available AR process, which violated plaintiff's 1st 5th and 14th amendments of his U.S constitutional rights.

Plaintiff suffered serious indifference and adverse retaliatory treatment simultaneously over filing complaints, by Defendant(s) Bradshaw, Cockcroft, Strohmeyer, Steerman, each individually created and/or operated by a custom of deprived publications, communications from publishers, and family contrary to valid security concerns.

Defendant(s) Bradshaw, Cockcroft, Strohmeyer, Steerman, each deprived plaintiff's mail multiple times in violation of their own operational and procedural AR's, specifically they each failed to follow AR's procedures to notify the publishers of publication denials that deprives plaintiff's 1st amendment of the U.S constitution that allowed unreasonable delays prematurely based on defendants (officials) exaggerated responses forming a blanket banning because of mere speculation.

6

Defendants Russell, Scott, Sherwood allowed subordinates to operate by customs that disregard regulations to draw distinctions between publications solely on the basis of their potential implications for prison security that were not "neutral" resulting in plaintiff constitutional hardships as suffered by defendants prejudice acts that were nevertheless invalid because the custom operated by at SCF is a restriction that sweeps unnecessarily broad.

Defendants Russell, Scott, Sherwood created an abuse by such actions and/or inactions, because Scott, Sherwood, Russell each grossly negligent in managing subordinates who caused the unlawful conditions and events and willfully disregarded their duties under the (AR's) where there is a causal connection between the protected activity of filing grievances, appeals and the adverse action of depriving plaintiff the right to do so fairly.

All defendant's actions and/or inactions involve the deprivation of a state-created liberty interest of plaintiff as defined by the standard set forth in AR's. See: _Sandin_. All defendants each individually acted purposefully by an over broad mail censorship that wilfully, wantonly with deliberate indifference to plaintiff 1st amendment rights that deprived proper due process by disguised sanctions, Plaintiff alleges that as part of the grievance process, he thereafter pursued, "he complained about being unable to subscribe without harassment" to authorized publishers and venders", because defendant Russell and subordinates deemed the magazines as a facility disruption.

**CLAIM TWO:  MEDICAL RECORDS/MEDICATIONS INTERUPTION**

Claim two asserted against these Defendant(s): Jeff Long, Nicole White,

**Supporting facts:** alleged upon information and belief, plaintiff while at SCF since Sept 15th 2023 to present, Nicole White was personally involved in the alleged constitutional and/or statutory, AR violations in that each of them: **(1)** Directly participated in the infraction; **(2)** Failed

7

to remedy the wrong after learning of a violation through report or appeal(grievance); **(3)** created

a policy or custom or under which unconstitutional and unlawful practices occurred**; (4)** allowed

such policy or custom to continue; or **(5)** was grossly negligent in managing subordinates who

caused the unlawful conditions and/or events and willfully disregarded their duties under the

(ARs) state and/or federal laws.

Nicole White having discretionary authority over the Health Services Administration

(HSA) allowed "plaintiff to be deprived of life sustaining known needed medications

(Metoprolol) by SCF Medical facility staff nursing agents for unreasonable periods of time.

Plaintiff was deprived timely needed refills for his known needed medical conditions, by

negligent nursing staff under the supervision of Nicole White, White having discretionary

authority wilfully and/or negligently allowed her "staff" to delay processing medication requests.

Defendant White allowed and/or created an avenue for plaintiff medical needs to be

interrupted in violation of plaintiff's rights that created deliberate indifference to plaintiff's

serious medical needs where White, wilfully allowed plaintiff to suffer and live with unreasonable

delays of known needed medications seriously in-differing plaintiff, that resulted in plaintiff's

daily anxiety, stress, and exacerbations to his "dangerous high blood pressure which is cruel

unusual punishment in violation of the U.S. 8th amendment.

The CDOC HSA, defendant White  having knowledge of known needed life sustaining

medications, wilfully, wantonly, disrupted plaintiff's access by their actions and/or inactions on

multiple occasions subjecting Plaintiff to unreasonable risks to his safety and welfare. Plaintiff

has been damaged by the acts, which constitutes a violation of both the U.S. and state of Colorado

Constitutions.

This action alleges that the CDOC and HSA administrator Nicole White was deliberately indifferent to the Plaintiff's serious medical needs, based on their continued use of incompetent medical staff to reorder, refill and distribute medication even after it was well known to be a deficient practice operated by the HSA, Department of Corrections (DOC) in general, specifically, at SCF.

The plaintiff has missed over 40 plus doses of medication, either because the nursing staff incorrectly determined his medication was out or was not timely reordered as timely requested where defendant White failed to monitor her subordinates, that resulted in multiple separate instances of abrupt unavailability of his medication that caused Plaintiff to experience, Heart Palpitations. Stress, migraine headaches, severe nausea, and a complete disruption of his emotional well-being and physical health, in addition to an exacerbation of his underlying symptoms of his heart, thyroid and blood pressure conditions.

The plaintiff alleges that from 2023 to 2024, he missed 40 doses of medication and that, during that time, multiple different nursing staff were responsible for dispensing his medication needs. He states that of the missed doses, 40% were the result of a timely refill request, ***not being filled*** and for the other 60%, a medication card was in the med-line and the nursing staff did locate it. In addition to general relief, the plaintiff seeks a court ordered self-assessment, for the DOC to "commit to developing a long-term, with viable alternative training practice of both the officers and nursing staffs safety protocols of re-ordering and/or distributing medications and acknowledged that risk management is an ongoing concern due to lack of clinical training.

Plaintiff claims that CDOC HSA and Administrator Nicole White failed to act to change Sterling Correctional facility nursing policy of refilling and/or reordering medications. Plaintiff

alleges that the Warden Jeff Long also, failed to take any action despite being aware of the

dangers of not reordering and/or renewing medications by Medical and/or correctional staff to

protect plaintiff and other inmates from serious indifference to medical needs

     Defendant Jeff Long allegedly affirmed knowing of two complaints as the reviewing

Warden authority, during a random round where Josh Dorcey came and took plaintiff to see the

Warden Jeff Long personally in the visiting room to discuss the apprised issues in this

complaint. Plaintiff insists, this personal meeting should have been apparent that the prior

reviews of Longs subordinates through attempts to resolve failed. Plaintiff claims Nicole White's

failure to act and monitor and/or correct the problem constitutes deliberate indifference to the

plaintiff's serious medical needs in violation of the <u>Eighth Amendment</u>.

     Plaintiff <u>Eighth Amendment</u> was violated because the nurses and staff  imposes a duty

on prison officials to provide humane conditions of confinement by ensuring that incarcerated

persons receive adequate food, clothing, shelter and medical care, where plaintiffs medications

needs was disrupted and/or deprived on multiple occasions like. <u>Farmer v. Brennan, 511 U.S.</u>

<u>825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)</u>. The SCF prison officials and nursing staff

have each individually acted with deliberate indifference plaintiff's medical needs, when they

knew of a substantial risk of serious harm and failed to act that resulted in plaintiff's serious

indifference and disregard of that risk. <u>Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)</u>.

     Plaintiff alleges that white failed to take any action in response to the above-described

claims. Plaintiff claims White's failure to act constitutes deliberate indifference to his serious

medical needs violating the <u>Eighth Amendment</u>. The plaintiff alleges that Jeff Long, Warden at

SCF, was formally apprised of the Medication problems at least 3 times between 2023 and 2024 and that Plaintiff discussed the issue with the HSA and wardens agents.

The SCF Defendants White, Long each individually ignored the dangers and refused to alter the procedures used at [SCF] because it was cost effective to allow disruptions to medication refills. [SCF] Defendants Long, White were personally notified of the systemic problem and despite being in a position to take remedial action they repeatedly failed to act, fully aware that the cycle would continue, in a display of deliberate indifference to the Plaintiff's serious medical needs in violation of the <u>Eighth amendment</u>.

All the [SCF] Defendants, from the Warden on down, were also in a supervisory position over staff who were repeatedly charged with the task of investigating the nurses and staff who were the subject of the complaints, the task of conducting further training and of implementing audits and various systems of checks and balances to resolve [Inmate Complaints].

The plaintiff has sufficiently alleged that he has suffered from a serious medical need. <u>See Gutierrez v. Peters, 111 F.3d 1364, 1371 (7th Cir. 1997)</u>; <u>Sanville v. McCaughtry, 266 F.3d 724, 734 (7th Cir. 2001)</u>.

## CLAIM THREE:  <u>HONOR HOUSE PROGRAM DISCRIMINATES THE ADA</u>

Claim three is asserted against these Defendant(s): Colorado Department of Corrections aka (CDOC), Jeff Long, Andre Moses Stancil, Charles Neece, (Honor House Program a sanctioned CDOC program), Honor House-Committee-Representative-Liaisons-John Doe 1-10 HHP, Josh Blanchard, Mary Bergman,

**Supporting facts:** The above defendant(s) except CDOC and HHP were each personally involved in the alleged constitutional and statutory violations in that each of them: **(1)** Directly participated in the infraction; **(2)** Failed to remedy the wrong after learning of a violation through

report or appeal(grievance); **(3)** created a policy or custom or under which unconstitutional and unlawful practices occurred**; (4)** allowed such policy or custom to continue; or **(5)** was grossly negligent in managing subordinates who caused the unlawful conditions and events **(6)** imposed eligibility criteria that screen out or tend to screen out individuals with disabilities **(7)** Deny full enjoyment and/or employment of qualified individuals and/or persons with disabilities the opportunity to participate as a program member, employee and/or member of planning or advisory boards and have each individually and willfully disregarded their duties under the 504 Rehabilitation Act, ADA Act and/or 8th, 9th amendments of U.S Constitution, anti-discrimination, equal employment opportunity, Bill of Rights laws and/or its own CDOC implemented regulations in that to meet full ADA compliance by failing and/or refusing while knowingly allowing unlawful conditions and practices to repeat at the (SCF) for prolonged and unreasonable periods of time.

**Supporting facts:** Allegedly upon information and belief, on or about December 30th 2023 at the SCF in Sterling Colorado all above defendant(s) above, except CDOC and HHP were personally involved in the alleged constitutional and statutory violations in that each of them: Specifically Defendants Long, created policy pursuant to AR 900-03, AR 650-10, 650-111 allowing operation of an offender Led program (OLP) called Honor House program "HHP" to operate upon its SCF grounds, by inmate agents "John Does" 1-10 for selective acceptance of residents, with no oversight, to conduct a selective and screened  acceptance interview of applicant (plaintiff) in violation of title II 28 CFR 35 .137 (2) (c) (1), 35.149, 35. 139., which obtained personal information that was then secretly discussed and compared to CDOC information, so to conduct a secret vote for selective acceptance.

Stancil and Long each individually directly participated through his use of discretionary authority in appointing inmate agents "authority", who each individually discriminated plaintiff being a medically impaired person and/or applicant in violation of Title II of the 504 of the Rehabilitation act of 1973, 1990, 2010, 29 U.S.C. 794: as defined in section 706(8) of this title. Plaintiff by reason of his disability, was excluded from the participation in, been denied the benefits of, and/or been subjected to discrimination under " HHP" or activities, while CDOC received Federal Financial assistance to support its various operations, simply because plaintiff could not meet employment criteria and/or voting acceptance criteria.

All Defendants above except CDOC and HHP each individually allowed plaintiff employment referral and acceptance for the Dog handler position to be dictated by inmates, where the dog handler position operates by way of CCI apart from the HHP program. However, the issues are complex and intertwined causing discrimination to Plaintiffs employment opportunities. (If the inmates don't accept you into the honor house program, Plaintiff cannot be hired into the Dog handler position), This is because defendants Long, Josh Blanchard, Mary Bergman have incorporated hiring requirements of plaintiff, being conditional to acceptance by inmates in the HHP program, seriously in-differing plaintiff equal employment opportunity rights, which is cruel unusual punishment in violation of the 8th amendment.)

Defendant(s) Long, Josh Blanchard, Mary Bergman have each created disparate treatment, by monopolizing high paying inmate jobs opportunities to be controlled by inmates selective voting practices, so to help control funds earned by certain inmates to support the HHP program and which selectively discriminate applicants and even then deprive plaintiff ability to grieve any program employment and/or placement, by unconstitutional operations, because the issues are not greivable based on the created AR's for the HHP, forcing plaintiff to utilize the

courts to get any compliance to the laws applicable, and where all defendant(s) except CDOC and

HHP attempt to skirt liability.

Defendants Stancil and/or Jeff Long apprised by grievance and/or appeal by their action(s)

and/or inactions each wilfully, wantonly allowed appointed inmate agents to deprive, Plaintiffs

full access and enjoyment of all programs equally, where they knowingly failed to create a policy

for full equal inclusion of un-gainfully employable ADA persons (Plaintiff) and/or allow plaintiff

ability to grieve the HHP" that gave HHP inmate residents priority selective acceptance of

plaintiffs access to various programs, educational placements before GP and/or disabled persons,

treating plaintiff A-typical and  allow OLP agents to routinely manipulate GP appropriated

housing assets.  Defendants CDOC, Long, and Stancil each created AR's that conflict between

AR's 650-10 and AR 850-04 violating plaintiffs equal rights protections mandated ADA act

and/or  1, 4, 14th amendments of the U.S. constitution.

Plaintiff has suffered lack of programming and/or housing needs where above captioned

Defendants agents of the OLP and/or HHP John Does 1-10 operations use facility appropriated

funds from the state and federal government to operate upon entity grounds that allows defendants

use of general population appropriations for security, housing, recreation, feeding, maintenance,

employment opportunities to favor certain groups like the OLP, HHP, housing programs that

require *self-funded* operations apart from general funds use.

Defendant(s) Long and Neece routinely rob and/or manipulate use of general housing

appropriated assets, "food and supplies" from non-program "GP" units and kitchen resources.

Defendants Long, Neece each individually allowed OLP participants, and/or HHP honor

house residents, priority placement, and referral and/or control for selective access to all SCF

programs to include, single cell placement in conflict of established policies, educational

14

acceptance placements as a Dog handler before any general population persons like (plaintiff)
thus, allowing inmates controlling power by selective acceptance in who, can be hired or placed
for program housing participation thus, giving A-typical selective employment or participation
authority to OLP, HHP residents, where programs operate with federal and/or state funds in
violation of the U.S. anti- discrimination, equal opportunity laws and/or ADA-504 Rehab Acts.

CDOC Josh Blanchard, Mary Bergman defendants have deprived Plaintiff acceptance
placement in the Dog handlers program, for grieving issues and/or where, the dog handler trainers
program is funded from Colorado Creative Industries (CCI) supported by other state /or federal
funds that is now housed in the SCF Honor Pod, which discriminatively now requires plaintiff to
qualify for two programs, although he applied and was accepted by the other, resulting in
deliberate discrimination of plaintiff in violation of both federal and state laws antidiscrimination
and equal employment laws.

The honor house program 650-10 AR defines a resident as a person accepted to the Honor
house program.  The AR 650-10 grievance process however conflicts with its senior AR 850-04
grievance procedures, which allows "programs" to be grieved, and does not provide any
exception for Honor House Program to the date of this incident. Plaintiff addressed this specific
issue, where defendants failed to develop any non-resident grievance procedure in violation of the
mandated ADA act.

This practice limits plaintiff's rights to grieve because he is deemed a non-selected person,
and this practice is in conflict with the Senior AR 850-04.  This is another violation of the federal
law because above defendants except CDOC and HHP, while operating the OLP, and/or  honor
house program upon entity grounds discriminated plaintiff, while receiving federal funds in
violation of the Section 504 of the Rehabilitation act of 1973, 1990, 2010, 29 U.S.C. 794 .

**CLAIM FOUR: <u>DEPRIVAL OF KNOWN NEEDED MEDICAL MACHINES</u>**

Claim four is asserted against these Defendant(s): Aaron Barnes, Charles Neece,

**Supporting facts:** Alleged upon information and/or belief on or about May 3rd 2024 while at

SCF The defendant(s) Aaron Barnes, Charles Neece, were personally involved in the alleged

constitutional and statutory violations in that each of them: **(1)** Directly participated in the

infraction; **(2)** Failed to remedy the wrong after learning of a violation through report or

appeal(grievance); **(3)** created a policy or custom or under which unconstitutional and unlawful

practices occurred; **(4)** allowed such policy or custom to continue; or **(5)** was grossly negligent in

managing subordinates who caused the unlawful conditions and events willfully disregarded their

duties under the 504 Rehabilitation Act, ADA Act and/or 8th, 9th amendments of U.S Constitution,

and/or its own CDOC implemented regulations in that to meet full ADA compliance by failing

and/or refusing while knowingly allowing unlawful conditions and practices to repeat at the

(SCF) for prolonged and unreasonable periods of time.

Defendant(s) Barnes, Neece each have been aware of an ongoing and known continuous problems

of other inmates routinely blowing electrical sockets at the SCF, because other inmates routinely

light up by electrical outlets, that results in a depravation of plaintiffs medical needs and

accessibility to known needed electricity to power his medical breathing machine.

Defendant Neece's subordinates Barnes allowed some inmates to use an extension cord until

maintenance could repair the outlet, but deprived plaintiff. Defendant Neece failed to post a

written policy to implement a protection operation procedure.

Both Barnes and Neece each refused to offer any immediate remedy to plaintiff creating a

constitutional deprival of plaintiff rights to use his medical equipment after having routinely been

notified of continues power outages from drug abuse.

16

Charles Neece created a custom of penalizing innocent inmates of this problem, by simply ignoring plaintiff's medical needs. Defendants Barnes personally participated having discretionary authority wilfully and wantonly that failed to provide known needed power by alternative means of a known needed power extension cords to operate plaintiffs known needed breathing machine, forcing plaintiff to suffer loss and/or inability to properly breathe for days without the known needed medical device.

Barnes personally chose and left plaintiff in distress for more than 72 hours, which is cruel unusual punishment in violation of plaintiff rights pursuant to the American with disabilities act and/or The U.S. 8th amendment of the U.S. Constitution.

Defendant Neece was apprised to the known needs of defendant by grievance, complaint and or appeal, where despite such acknowledgment defendant Barnes continued to abuse his authority, and Neece failed to monitor his subordinates creating serious indifference to plaintiffs known needed medical needs.

Defendant Barnes, Neece, each individually failed to create and/ or implement protections of disabled persons needing medical devices or alternatives in unusual situations to avoid deprival of the medical device use during power interruptions.

All defendants, were operating by a custom or practice which failed to provide adequate basic needs in violation of plaintiffs 8th amendment to his U.S constitutional Rights, creating undue hardships, and potential risks to his health safety and welfare.

17

**CLAIM FIVE: <u>RETALIATION FOR FILING GRIEVANCES</u>**

     Claim three is asserted against these Defendant(s): Michelle Rios,

**Supporting facts** allegedly, upon information and/or belief: On or about July 7th 2024 at SCF,

plaintiff was served a warning letter (AR 850-04-D) initiated by the actions of Michelle Rios

indicating, "<u>Be advised **that you have filed 7frivolous** grievances in the past 30 days</u>". Michelle

Rios action was used to silence and/or intimidate plaintiff s right to grieve, infringing on his, 1st

4th, 5th, 14th amendment rights of the U.S. Constitution. Plaintiff, suffered a requisite injury with

threats of retaliatory action for freely speaking out in grievances by Michelle Rios who knowingly

and wilfully derived a reasonable adequate opportunity to file non frivolous legal claims to fully

pursue **his meritorious claims** challenging [his] convictions and/or conditions of confinement by

the actions of Michelle Rios, See: <u>Lewis, 518 U.S. at 356</u>. **Emphasis** Michelle Rios is vicariously

liable, because she falsely accused plaintiff and personally participated in the unconstitutional

conduct, where there is a causal connection between her actions and the alleged claims within

this entire 1983, which is constitutional deprivation. "<u>Cottone, 326 F.3d at 1360</u>. The warning

letter encompasses broad language without any prior discussion to the issues alleged in 7

frivolous grievances and "accuses" plaintiff of wrong doing without evidentiary proof and may be

considered an act of retaliation which is an arbitrary and capricious action of abusive authority

designed to intimidate, threaten plaintiff. Plaintiff faced a real threat by Rios discretionary

authority operated by a custom and/or policy as actions that ordered him to cease filing multiple

grievances immediately or endure punishment, pain and/or risk injury resulting in deliberate

indifference to plaintiff ADA and U.S. 1st, 14th constitutional rights to file grievances without

retaliation. CDOC defendants, waived therefore waived plaintiff's requirement to file further

grievances over current and/or future issues via Rios cease and desist letter.

~~**REQUEST FOR RELIEF**~~

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were
incarcerated?  ___ Yes  _X___ No (*check one*).

Name(s) of defendant(s):

Claims raised:
Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)

Reasons for dismissal, if dismissed:
Result on appeal, if appealed:

## F.    ADMINISTRATIVE REMEDIES

Is there a formal grievance procedure at the institution in which you are confined?
        _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

X__ Yes on two claims ___ No (*check one*)

**Special Note*** Claim 3, CDOC SCF claims HONOR POD housing issues cannot be grieved.

Claim 2:  Notes plaintiff's Health and welfare is at risk, while awaiting the exhaustion process pertaining to
known needed life sustaining medications being interrupted, warranting the court to allow the issue to
move preliminary forward in this case, in the interests of plaintiff's health and welfare.  Every effort to
exhaust before filing will in good faith be made.

20.

BLANK

21.

BLANK

22.

BLANK

23.

BLANK

G.    REQUEST FOR RELIEF

All sections, paragraphs, attachments, amendments are incorporated within claims and herein with all requests for relief. Section 504 of the Rehab act of 1973, 1990, 2010, 29 U.S.C. 794 (a) Provides in pertinent part: No otherwise qualified individual with a disability in the U.S., as defined in section 706(8) of this title, shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal Financial assistance. Plaintiff of this action is an individual with known needed medications mobility impaired disabilities within the meaning medical need and rehabilitation Act of 1973, 1990, 2010.  The CDOC SCF receives funds as benefits from federal financial assistance.

Defendants have excluded plaintiff 'and others similarly situated from receiving known needed medications in CDOC medical facilities for services, and have deprived plaintiff the rights and benefits of known needed accommodations and medically needed restrictions to independently remain stable accorded to other inmates, sole by reason of their placement and needs of the facility and not for reason of plaintiffs disabilities in violation of the 504 rehabilitation act of 1973, 1990, 2010.

Defendants have violated the act intentionally failing and/or refusing to provide compliant accommodations and medical restrictions, and/or medications without disruptions to plaintiff's disabilities.  Pursuant to the 504 rehabilitation Acts implementing regulations, specifically but not limited to 28 C.F.R. 42.521, the defendants were required to provide medications necessary to render all CDOC facilities to include SCF Compliant to ADA standards and/or medication needs tom inmates without disruption for daily needs in all existing facilities not accessible to persons without disruptions as expeditiously as possible and remove any barriers or lack of policy from such uncompleted facilities.

The defendants have willfully disregarded their duties under the rehabilitation act and its

implemented regulations in that to meet full ADA Compliance failing and or refusing to develop

an adequate current written plan for persons requiring life needed medications, and/or machines

from being disrupted to any needed access with protection of properties, but have knowingly

allowed unlawful conditions and practices to repeat at the SCF for prolonged and unreasonable

periods of time. The ADA, 42 U.S.C. 12101 et seq., and specifically 42 U.S.C. 12131-12134,

prohibits discrimination in public services on the basis of disability and/or medically needed

restrictions.  42 U.S.C. 12132 provides: Subject to the provisions of this sub chapter, no qualified

individual with a disability and/or medical need shall, by reason of such disability, be excluded

from participation in or be denied the benefits of services, programs, or activities of a public

entity, or be subjected to discrimination by any such entity.

The ADA defines a "public entity" to include any state of local government or any

department, agency, special purpose district, or other instrumentality of a State or Local

government, 42 U.S.C. 12131(1). The CDOC and SCF is a "public entity" within the meaning of

the ADA.  Plaintiff has medical impairments and medical restrictions that require uninterrupted

need and/or access to medications that substantially limit one or more of their major life activities

and thus is an individual with disabilities within the meaning of the ADA, 42 U.S.C. 12102(2)

(A). Defendants have discriminated and/or excluded plaintiff from known needed housing

accommodations and/or full participation in CDOC Services, programs and activities, and have

denied them the rights and benefits accorded to other inmates, solely by reason of their disabilities

and Medical needed restrictions in violation of the ADA.

In addition, the defendants have violated the ADA by intentionally failing or refusing to

provide reasonable accommodations and medical restrictions to plaintiffs as person with mobility

impaired disabilities. The defendants have willfully disregarded their duties under the ADA and have knowingly allowed unlawful conditions and practices to resurface and continue as in this case at CDOC facilities specifically SCF for prolonged and unreasonable periods of time.

Despite the clear provisions of the ADA and the 1st and 8th amendment of the U.S constitution, the defendants persist in imposing conditions and practices which discriminate against the plaintiff rights and a person with disabilities and medically needed restrictions. An actual controversy exists between the parties entitling plaintiff to declaratory relief pursuant to 28 U.S.C. 2201. Pursuant to the ADA's implementing regulations, specifically 38 C.F.R. 150(d) (1), the defendants were required to ensure that the CDOC facilities specifically SCF are in full compliance with the ADA's revised mandates. Defendants of the SCF are not in full compliance with the ADA.

ADA's mandates in ways including, but not limited to the following: They are not in compliance of their own AR's or federal mail handling laws; they merely will allege that inmates are not denied such rights programs, services and benefits on the basis entitled constitutionality without providing any supporting documentation; They merely allege that inmates are provided timely Mail and privacy protections and services necessary to enjoy the benefits of the communication between loved ones and private entities for communications, services, programs, or activities provided without providing any supporting documentation; All defendants, except defendant CDOC, have acted in reckless disregard for the privacy and mail entitlements as inmates and/or those requiring live sustaining medications, constituting willful violations of the 1st, 8th,14th to the constitution of the United States.

All defendants, except CDOC, have engaged in discriminatory acts and practices constituting willful violations of the Administrative regulations, Mail handler carrier act, and

delivery of U.S Mail procedures with all revisions.    All defendants , except CDOC. were

officially and personally involved in the alleged constitutional and statutory violations in that each

of them: **(1)** Directly participated in the infraction; **(2)** Failed to remedy the wrong after learning

of a violation through report or appeal(grievance); **(3)** created a policy or custom under which

unconstitutional and unlawful practices occurred; **(4)** allowed such policy or custom to continue;

or **(5)** was grossly negligent in managing subordinates who caused the unlawful conditions and

events. Plaintiff has suffered pain, anxiety, and humiliation as a result of the defendant's

deliberate indifference to his rights and welfare.

   **Wherefore:** plaintiff's requests the following: Nominal and/or compensatory damages in

the amount of $250,000.00 per occurrence or maximum allowed pursuant to law for plaintiff

jointly and severely, punitive damages jointly and severely in the amount of $50,000.00 per

occurrence or maximum allowed pursuant to law for each defendants acts and $500.00 additional

per day for failure to fully comply with the required AR's, programs placement and/or Mail

practices of the U.S. Post offices.

   Injunctive relief is available to change policies where monetary damage is not appropriate,

Plaintiff requests personal damages only to the extent the law allows for each individually

determined and/or officially determined actions, for constitutional violations, abuse, threats,

privacy violations, (HIPPA violations if applicable), and for these claims to be evaluated for a

POSSIBLE class action as described herein pursuant to the provisions of rule 23 of the federal

rules of civil procedure;

   That the court adjudge and declare that the defendants have violated the constitutional and

statutory rights of plaintiff under color of State law; That the court enjoin and restrain the

defendants from imposing eligibility and/or inmate voting criteria, for inmates participation in

27

CDOC programs, housing, services and activities that tend and/or appear to screen out qualified individuals with disabilities and/or needed medial restrictions. That the court direct the defendants to prepare a current public posting of a transition plan in accordance with the mail handler carrier act, for institutions and all current revisions, setting for the steps necessary to bring all the CDOC facilities into full compliance with the mandates of the acts, involving U. S. mail operations, and/or medical needed devices.

That the court direct the defendants to prepare a current public posting of a transition plan in accordance with the Medications reordering and renewing prescriptions procedures that protects inmates from being deprived copies of medical records and medications, setting for the steps necessary to bring all the CDOC facilities into full compliance with the mandates of the acts, involving Medications that expire and/or requiring reordering with safe guard procedures. Defendants failed to perform acts which the law specifically enjoins as a duty resulting from their contract, trust or station and failed to cease retaliatory actions to return plaintiff to a state of whole, as prior to incidents and grievances filed.

That the Court direct the defendants to adopt and implement policies, procedures and other steps necessary to ensure that persons with known needed medical breathing machines and/or medications reordering and/or delivery problems receive medications, and/or machines without delays.

That the Court direct the defendants to adopt and implement policies, procedures and other steps necessary to ensure that Dog Handler JOB, employee applicants and/or persons JOB employment acceptance is separately determined apart from the HHP program with no selective voting placement requirements having any control by inmates to avoid any discrimination.

That the court enter judgment in favor of plaintiff's for exemplary damages in the amount to be determined, to be distributed in order to fully compensate plaintiff for losses, pain, injuries, anxiety and humiliation suffered as a result of the defendants' reckless disregard for their rights and welfare, and to deter the defendants and others like them from acting in a similar

28

unconscionable manner in the future;

That the court award plaintiff's costs of the suit and reasonable attorney fees pursuant to 29 U.S.C. 794(b); 42 12188(a) (1) 12205; and U.S.C. 1988. That, the Court grant such other and further relief as the court deems just and proper. 42 U.S.C. provides a remedy for a federal and state constitutional violations committed under color of law. Relief may be granted because each named defendant except entity CDOC, have acted in reckless disregard within this complaint and/or all amendments as individual participants or under directives of entities policies to deprive plaintiff one or more liberty interests, over restrained and/or discriminated the constitutional rights of plaintiff willfully, recklessly, intentionally contributing to plaintiffs injuries, losses, and/or violation of other state or federal laws.

Plaintiff seeks defendant(s) to pay full costs of his subscription to magazine services, and special mail costs and any additional relief as granted because, the court must address, and/or protect ones constitutional rights, liberty interests, when a question of unconstitutionality abuse arises. Plaintiff's challenges defendants abuse of authority subject to the AR's, C.R.S. statues as it exceeds intent. Relief maybe granted; because the court may consider whether the CDOC prison administrative regulations operating by agent authority under the direction of the C.R.S. statues failed to give plaintiff as a state inmate, for purposes of the 1st, 5th, 8th, 14th amendment a liberty interest in protections of his rights. 42 U.S.C. provides a remedy for federal and state constitutional violations committed under color of law. Plaintiff(s) requests a jury trial on all issues and that the case be **drawn to a district Judge**.

Plaintiff suffers from Theft, losses pain, anxiety, humiliation, discrimination, civil and/or constitutional rights violations, as a result of each defendant's actions or inactions to plaintiff's rights and welfare. Plaintiff requests the court direct defendant's at their expenses return plaintiff to his former state of whole, ceasing Harassment and delay of magazines and/or mail, Example: replace and/or allow (fencepost magazines,). ;    Plaintiff' request the CDOC be restrained from taking percentages of awarded claims from the plaintiff's, inmate account, to show punishment of such awards which shall remain exempt. Plaintiff' requests any award payments be made to plaintiffs designated party to be determined for deposit and handling outside of any CDOC or

state of Colorado authority.                **JURY DEMAND**

The plaintiff requests that this matter be tried in front of a jury. Plaintiff requests: that the court adjudge and declare by judicially determine specific defendants, who have violated the constitutional and statutory rights of the plaintiff(s), with a declaration of the acts omissions described in all claims of the complaint in whole or part herein as violated one or more of the plaintiffs rights under the U.S. Constitution. **In sum**, the court can ascertain the threat by the government is real. Plaintiff have no plain, adequate or remedy at law to redress the wrongs as herein. Plaintiff will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief plaintiffs seek. Plaintiff incorporates the entire original and amended complaints in totality, affidavits, evidence, pursuant to F.R.C.P. with U.S.C. 42, 28, 1983 to compel all "determined" defendants to correct the violations, & harms within. Petition is pursuant to U.S.C. 28, 1983, and plaintiff respectfully reminds this court of their disabled condition affecting there pro se filing, plaintiff's requests counsel be appointed to protect his rights.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See;* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

october 15, 2024
**Date** ~~August 1, 2024~~                _____
                                        **(PLAINTIFF SIGNATURE)**
(Revised November 2022)

COLORADO DEPARTMENT OF CORRECTIONS
STERLING CORRECTIONAL FACILITY
INMATE MAIL

LEGAL MAIL

COLORADO DEPT OF CORRECTIONS
Name: Spencer Dressel
Register Number: 11079Unit:24
PO BOX 6000
City, State, Zip Sterling, CO 80751

U.S. District Court
901 19th Street
Denver, Colorado 80294







Restricted Inspection Mail Stamp

FACILITY
SCF

DATE REC'D
10-16-24

DOC EMPLOYEE LAST NAME
MiKulski

ID#
3435

INT
Om

DOC#
190779

OFFENDER LAST NAME
Dressel

LAST NAME

INT
scp

